UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

JUAN RUIZ,
          Plaintiff,

    v.                                                  Case No. 17-CV-1362

DR. JEFFERY MANLOVE et al.,
          Defendants.

_____

## ORDER

Juan Ruiz, a Wisconsin state prisoner representing himself, brings this action under 42 U.S.C. § 1983 alleging that defendants violated his civil rights. Plaintiff moves to proceed without prepaying the filing fee (*in forma pauperis*). As ordered, and pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(b), plaintiff paid an initial partial filing fee, so I will grant his motion to proceed in forma pauperis.

Where, as here, a prisoner files a civil complaint seeking "redress from a governmental entity or officer or employee of a governmental entity," the PLRA requires me to screen the complaint, "identify cognizable claims," and dismiss the complaint or any part of it if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)–(b).

In general, "a complaint must allege 'sufficient factual matter to state a claim to relief that is plausible on its face.'" *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 826 (7th Cir. 2015) (quoting *Gogos v. AMS Mech. Sys. Inc.*, 737 F.3d 1170, 1172 (7th Cir. 2013)). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "To state a claim for relief under . . . § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law." *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009).

Here, plaintiff's complaint alleges that staff in the Health Services Unit at the Waupun Correctional Institution, where plaintiff is in custody, have "failed to provide the proper treatment for neuropathy"; "refuse[d] to help cause of [plaintiff] asking to upgrade or add meds and asking to [pursue a] lawsuit"; and "stat[ed] [he's] faking all [his] neuropathy pains, in [his] legs, shoulders, and arms." Compl., ECF No. 1, at 2. These allegations suggest potential claims under the Eighth Amendment for deliberate indifference to a serious medical need and under the First Amendment for retaliation.

Yet, plaintiff's complaint lacks sufficient detail to allow me to reasonably infer that any of the named defendants are personally liable for violating his constitutional rights. I will allow plaintiff to amend his complaint to provide further detail. The amended complaint need not be long, and it does not need to contain legal language or citations to statutes or cases, but it does need to provide me and each defendant with notice as to what each defendant allegedly (and individually) did to violate plaintiff's rights.

Plaintiff should complete the court's complaint form, adding the word "AMENDED" to the caption on the first page and noting the case number (17-C-1362). Plaintiff must list all of the defendants in the caption and use the space on pages two and three to state the facts that give rise to the claims he wishes to bring, as well as to

2

describe which defendants committed the violations that relate to each claim. If the space on pages two and three is not enough, he may use up to five additional sheets of paper (putting page numbers on each additional page).

An amended complaint supersedes all previous complaints in a case and must be complete in itself without reference to any prior complaints. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If plaintiff timely files an amended complaint, I will screen it under § 1915A.

**THEREFORE, IT IS ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the agency having custody of plaintiff shall collect from his institution trust account the $346.09 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The agency shall clearly identify the payments by the case name and number. If plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order, along with plaintiff's remaining balance, to the receiving institution.

**IT IS FURTHER ORDERED** that, on or before **April 30, 2018**, plaintiff shall file an amended complaint clearly alleging how each named defendant was personally involved in violating his rights.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where plaintiff is confined.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, plaintiff shall submit all correspondence and case filings to institution staff, who will scan them and e-mail them to the court.[1] If plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises plaintiff that, if he fails to file documents or take other required actions as ordered, the court may dismiss this case for failure to prosecute. The parties must notify the Clerk of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 10th day of April, 2018.

                                                  s/Lynn Adelman_____
                                                  LYNN ADELMAN
                                                  United States District Judge

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Dodge Correctional Institution, Green Bay Correctional Institution, **Waupun Correctional Institution**, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.